UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ANDRES GOMEZ, on his own and on behalf
of all other individuals similarly situated,

      Plaintiff,

vs.

THE QUIZNO'S MASTER, LLC,


      Defendant.

_____/

## COMPLAINT – CLASS ACTION

Plaintiff, ANDRES GOMEZ, on his own behalf and on behalf of all others similarly situated, by and through his undersigned counsel, hereby files this Class Action Complaint against Defendant, THE QUIZNO'S MASTER, LLC, and states as follows:

## INTRODUCTION

1.    Plaintiff ANDRES GOMEZ (hereinafter "Plaintiff") is a legally blind person who requires screen-reading software programs to read website content using a computer. Plaintiff uses the terms "blind" or "visually-impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision and others have no vision.

2.    Plaintiff brings this civil rights class action against THE QUIZNO'S MASTER, LLC (hereinafter "Quizno's" or "Defendant") for its failure to design, construct, maintain, and operate its website, https://www.Quiznos.com (hereinafter referred to as "Quiznos.com" or the

"Website"), to be fully accessible to and independently usable by Plaintiff and other blind and/or visually-impaired consumers.  Plaintiff alleges on information and belief that Defendant has failed to design, construct, maintain and operate Quiznos.com to be fully accessible and independently usable by Plaintiff and other blind and visually-impaired consumers because it contains access barriers which prevent blind and visually-impaired people from equally and independently navigating the website and its fundamental functions using screen reading software programs, otherwise known as assistive technology or screen-readers.

3.     Defendant thereby is excluding blind and visually-impaired consumers from equal participation in the actual marketplace, by deterring blind consumers from visiting Defendant's physical locations, and the internet marketplace which plays a significant role for in the global economy and modern lifestyle.

4.     Defendant's denial of full and equal access to its website, and therefore denial of its products and services offered thereby, and in conjunction with its physical locations, is a violation of Plaintiff's rights under the Americans with Disabilities Act (hereinafter "ADA") as well as other blind and visually-impaired consumers' rights under the ADA.

5.     Because Defendant's website, Quiznos.com, is not fully, equally or independently accessible to blind and visually-impaired consumers in violation of the ADA, this complaint seeks a permanent injunction to cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's website will become and remain accessible to Plaintiff and the proposed Class of consumers (the "Class Members") who are blind and visually-impaired.  This complaint also seeks compensatory damages to compensate the Class Members for having been subjected to unlawful discrimination. Such unlawful discrimination is on-going.

## JURISDICTION AND VENUE

6.      This Honorable Court has original jurisdiction under 28 U.S.C. § 1331 and § 343 for Plaintiff's claims arising out of federal law, 42 U.S.C. § 12182 *et seq*., based on Defendant's violations of Title III of the ADA.  See also 28 U.S.C. §§ 2201, 2202, the 2010 ADA Standards, and 28 C.F.R. § 36.201.

7.      Venue is proper in this District, pursuant to 28 U.S.C.  §1391(b)(2) and S.D. Fla. L.R. 3.1 because Defendant engages in business in this District and a substantial part of the events or omissions giving rise to the claim occurred here.

## PARTIES

### Andres Gomez, Individually

8.      Plaintiff, ANDRES GOMEZ, is *sui juris* and at all times mentioned herein is a resident of Miami-Dade County in the state of Florida and a legally blind individual.  As a result of his legal blindness, Plaintiff is substantially limited in performing major life activities, including but not limited to accurately visualizing his surroundings and traversing obstacles and walking without assistance.  Plaintiff is therefore a member of a protected class of individuals under the ADA, pursuant to 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

9.      Plaintiff cannot effectively or meaningfully navigate websites on a computer without installing and using a screen reading software program (a "screen reader" "assistive technology," or "AT") because he cannot see the screen and needs the information contained on the screen to be read audibly to him so that he can understand the information he hears and navigate the website using the keyboard only. Plaintiff uses the keyboard to navigate websites because using a mouse in a purposeful and meaningful manner requires the ability to see the screen and select what he would like to click on, which Plaintiff is unable to do.

**Other Plaintiffs Similarly Situated Members of Consumers ("Class Members")**

10.     Other plaintiffs, and consumers, similarly situated to Plaintiff ANDRES GOMEZ (the "Class Members" or "similarly disable persons") are qualified individuals with disabilities under, and as defined by, the ADA.

11.     Other plaintiffs and consumers are similarly situated to Plaintiff, and are therefore Class Members, by virtue of the fact that they are blind and/or visually-impaired and require commercially available screen-readers, as described in more detail above, in order to effectively and meaningfully access websites and obtain fundamental information used to visit Defendant's physical locations.

12.     Other plaintiffs and consumers, Class Members, are likewise unable to effectively and meaningfully access Defendant's website without the assistance of screen-readers or assistive technology.

13.     Other similarly disabled persons, as Plaintiff, are qualified individuals with disabilities under the ADA.  Other similarly disabled persons have experienced Plaintiff's discrimination based on the fact that they are blind and/or visually-impaired and require the use of various screen readers in order to efficiently and effectively navigate Defendant's website and obtain information and access Defendant's products, services, locations, and various other information, which should be accessible on the Quiznos.com website and are offered in connection with Defendant's physical locations.

14.     The access barriers on Defendant's website have deterred Plaintiff from visiting Defendant's brick-and-mortar restaurants.

15.     It is Plaintiff's belief the violations detailed herein will not be corrected without court intervention, and thus, Plaintiff and the proposed Class Members, who are blind and

visually impaired will continue to suffer actual harm, and the violations threaten real and imminent injury in the near future.

16.     Because Defendants' Website is not fully and equally accessible to blind and visually-impaired consumers in violation of the ADA, Plaintiff seeks declaratory and injunctive relief to correct Defendant's corporate policies, practices, and procedures to include measures necessary to ensure compliance with federal to include monitoring of such measures, to update and remove accessibility barriers so that Plaintiff and the proposed Class Members, who are blind and visually-impaired, will be able to equally, independently and privately use Defendant's Website. This action seeks compensatory damages to compensate Class Members for being subjected to unlawful discrimination.

**Defendant**

17.     Defendant, THE QUIZNO'S MASTER, LLC, is a Delaware limited liability company, with its principal place of business in Colorado.

18.      Defendant is subject to personal jurisdiction in this District.  Defendant has been and is committing the acts or omissions alleged herein in the Southern District of Florida that caused injury, and violated rights prescribed by the ADA, to Plaintiff and to the proposed Class Members who are blind and visually impaired.  A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Southern District of Florida.  Specifically, on several separate occasions, Plaintiff attempted to navigate Defendant's website, Quiznos.com, using a screen reader to access Defendant's information, and the goods and services offered by Quiznos.com in conjunction with its physical locations.

19.     Defendant is a chain of fast-food restaurants.  Defendant's restaurants provide to the public important goods and services.    Defendant's website, Quiznos.com, provides

consumers with access to an array of goods and services in connection with Defendant's physical restaurants, including: restaurant locators; coupons, offers and promotions; menus; nutritional information about menu items; online ordering; gift cards and gift card information; an online customer loyalty club for a faster ordering process and to earn and redeem points on purchases and access member-exclusive coupons and other benefits; and many other benefits related to these goods and services.

20.     Defendant's restaurants are places of public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7). Defendant's website is a service, privilege or advantage of Defendant's physical locations.

## THE AMERICAN WITH DISABILITIES ACT AND THE INTERNET

21.     The Internet has become a significant source of information, a portal, and a tool for conducting business, as well as a means for doing everyday activities such as shopping, learning, banking, etc. for sighted, blind and visually-impaired persons alike.

22.     As an essential tool for many Americans, when accessible, the Internet provides individuals with disabilities great independence.  Blind persons are able to access websites using keyboards in conjunction with screen access software that vocalizes the visual information found on a computer screen.  This technology is known as screen-reading software.  Except for legally blind individuals whose residual vision allows them to use magnification, screen-reading software is currently the only method a blind person can fully and independently access the internet.

23.     For screen-reading software to function as designed, the information on a website must be capable of being rendered into meaningful text.  If the website content is not capable of being rendered into meaningful text, the blind or visually-impaired user is unable to access the

same content available to sighted users using their keyboards because they are unable to see the screen and thereby meaningfully manipulate a mouse.

24.     Blind and visually-impaired users of Windows computers and devices have several screen-reading software programs available to them.  Job Access With Speech, otherwise known as "JAWS," is currently the most popular, separately purchased screen-reading software program available for Windows.

25.     Unless websites are designed to allow screen-reading software users to navigate Internet content by way of the keyboard, blind and visually-impaired persons are unable to fully, equally and independently access websites, and the information, products, and services contained therein.

26.     The ADA specifically provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to) or operates a place of public accommodation." 42 U.S.C. §12182(a); 28 C.F.R. §36.201(a). The ADA further requires that a public accommodation provide accessible electronic and information technology as auxiliary aids and services.  See 28 C.F.R. §36.303(a), (b) and (c)(ii). Commercial websites that are not accessible for blind and visually-impaired individuals using screen-readers and keyboards only, violate this basic mandate of the ADA. *See National Federation of the Blind v. Target Corp.*, 452 F. Supp. 2d 946 (N.D. Cal. 2006); *See also* 2012 WL 391911, Statement of Eve Hill, *Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice*, United States. Senate. Committee on Health, Education, Labor & Pensions. *Hearing on The Promise of Accessible Technology: Challenges and Opportunities of 2012*. Feb. 7, 2012 (*quoting* "The Department of Justice has long taken the

position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities.").

27.     The Department of Justice (the "DOJ") has consistently stated its view that the ADA's accessibility requirements apply to websites belonging to private companies. *See, e.g., Applicability of the Americans with Disabilities Act (ADA) to Private Internet Sites: Hearing before the House Subcommittee on the Constitution of the House Committee on the Judiciary*, 106th Cong., 2d Sess. 65-010 (2000) ("It is the opinion of the Department of Justice currently that the accessibility requirements of the Americans with Disabilities Act already apply to private Internet Web sites and services."); *75 Fed. Reg. 43460-01* (July 6, 2010) ("The Department believes that title III reaches the Web sites of entities that provide goods or services that fall within the 12 categories of 'public accommodations,' as defined by the statute and regulations.").   Thus, Defendant is on notice that the ADA's general mandate applies to its website accessibility. *See Fortyune v. City of Lomita*, 766 F.3d 1098, 1102 (9th Cir. 2014); *Reich v. Mont. Sulphur & Chem. Co.*, 32 F.3d 440, 444–45 (9th Cir. 1994).

## CLASS ACTION ALLEGATIONS

28.     Plaintiff, on behalf of himself and all others similarly situated, seeks certification of the following nationwide class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2):

> "All legally blind individuals in the United States who have attempted to access Quiznoss.com and as a result have been denied access to the enjoyment of goods and services offered by Quizno's, during the relevant statutory period."

29.     Plaintiff seeks certification of the following Florida subclass pursuant to Fed. R. Civ. P. 23(a), 23(b)(2) and, alternatively, 23(b)(3):

> "All legally blind individuals in Florida State who have attempted to access Quiznos.com and as a result have been denied access to the enjoyment of goods and services offered by Defendant during the relevant statutory period."

30.     Excluded from the Class are Defendant, any of its officers, directors or employees, the presiding judge, and members of their immediate families.

31.     There are hundreds of thousands blind and visually-impaired persons in Florida State.  There are millions of people in the United States who are blind or visually-impaired. Thus, the Class is so numerous that the individual joinder of all its members is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class includes hundreds of members. Given the number of Class members, the only way to deliver substantial justice to all members of the Class is by means of a single class action.

32.     This case arises out of Defendant's policy and practice of maintaining an inaccessible website denying blind and visually-impaired consumers' access to the goods and services of Quiznos.com and Quizno's restaurant locations.  Due to Defendant's policy and practice of failing to remove access barriers, blind persons have been and are being denied full and equal access to independently browse, select and shop on Quiznos.com and by extension the goods and services offered through Defendant's website to Quizno's restaurants.

33.     There are common questions of law and fact common to the class, including without limitation, the following:

    a.   Whether Defendant operates "places of public accommodation," as defined by the ADA;

    b.   Whether Quiznos.com is, in and of itself, a "place of public accommodation," as defined by the ADA;

    c.   Whether Defendant's Website, if not found to be in and of itself a place of public accommodation, contains a nexus to places of public accommodation operated by Defendant, to subject Defendant's to liability under the ADA; and,

    d.   Whether Defendant, through its Website, denies the full, equal and independent enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to consumers who are blind or visually-impaired in violation of the ADA.

34.    Plaintiff's claims are typical of those of the claims of the Class Members. All claims are based on the same legal theories and arise from the same discriminatory conduct.

35.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the members of the class. Class certification of the claims is appropriate pursuant to because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

36.    Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class Members clearly predominate over questions

affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

37.     Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

38.     References to Plaintiff shall be deemed to include the named Plaintiff and each Class Member, unless otherwise indicated.

## **FACTUAL BACKGROUND**

39.     Defendant offers the commercial website, Quiznos.com, to the public.   The website offers features which should allow all consumers to: find restaurant locations; learn about and take advantage of coupons, offers and promotions; print coupons to redeem in-restaurant; view menus and nutritional information about menu items; order food online; purchase gift cards and check gift card balances; join Defendant's online customer loyalty club and access its membership benefits; as well as access various other goods, services and privileges Defendant offers on its website.

40.     Based on information and belief, it is Defendant's policy and practice to deny Plaintiff, along with other blind or visually-impaired proposed Class Members, access to Defendant's website, Quiznos.com, and to therefore specifically deny the goods and services that are offered and integrated with Defendant's restaurants.   Due to Defendant's failure and refusal to remove access barriers to Quiznos.com, Plaintiff and proposed Class Members have been and are still being denied full, equal and independent access to Quizno's restaurants and the numerous goods, services, and benefits offered to the public through Quiznos.com.

**Defendant's Barriers on Quiznos.com Deny Plaintiff Access**

41.     Plaintiff, as a blind person, cannot use a computer without the assistance of a screen-reader.  However, Plaintiff is a proficient user of screen-reader technology to access the internet.  Plaintiff has visited Quiznos.com several times using a screen-reader to try to access information, goods, and services Defendant offers to the public with its Quiznos.com website.

42.     During Plaintiff's multiple and separate visits to Defendant's website, Plaintiff encountered several different access barriers which denied Plaintiff full and equal access to the facilities, goods and services offered to the public and made available to the public on Defendant's website. Due to the widespread access barriers Plaintiff encountered on Defendant's website, Plaintiff has been deterred, on a regular basis, from accessing Defendant's website. Similarly, the access barriers Plaintiff encountered on Defendant's website have deterred Plaintiff from visiting Defendant's brick-and-mortar restaurants.

43.     While attempting to navigate Quiznos.com, Plaintiff encountered multiple accessibility barriers for blind or visually-impaired consumers, which include, but are not limited to, the following:

      a.   A lack of alternative text ("alt-text"), or a text equivalent.  Alt-text is invisible code embedded beneath a graphic or image on a website.  For a website to be accessible via a screen-reader, it requires that alt-text be coded with each graphic or image so that screen-reading software can speak the alt-text where a sighted user would see the pictures.  Alt-text does not change the visual presentation, but instead a text box (which is invisible) appears to the screen-reading software program and vocalizes a description of the image when a screen-reader user has reached the image or graphic using the "tab," "up arrow" and/or "down arrow" keys.  When alt-text is missing on these graphics and images, it prevents screen-

readers from accurately vocalizing a description of the graphics or images to the user.  As a result, visually-impaired consumers are unable to determine what is on the website, browse, learn about and purchase products Defendant sells online and in its restaurants, or access Defendant's many other goods and services.

      i.  Many of the images on Defendant's website lack an appropriate alt-text attribute to communicate the content and function of the image. As a result, screen reader users are left to guess whether the image is informative or decorative.

      ii.  When purchasing an eGift Card, users can select a gift card design to personalize the gift; however, the images of the available card designs do not contain alternative text to communicate the content of the images, so screen reader users do not have any information about the card design selections.

b.  An inaccessible slide show.  The home page contains a slide show that automatically rotates through multiple categories of promotional content. The components include images of text displaying text intended to be read; however, Defendant fails to include a text alternative for the image to communicate the same text presented in the image. As a result, screen reader users are unable to fully access the content of the slide show and they miss important information available to other users.

c.  Links with non-descriptive and uninformative link text. The website contains several unlabeled links.  Descriptive and unique link text is needed so that Plaintiff, and other screen reader users, can immediately understand the purpose of the link.

d.  Inaccessible PDF documents.  The website offers links for users to download the full menu, the nutritional information, and the allergy information for its menu items; however, the linked PDF documents contain images and data tables that are

not accessible to screen reader users.

 e. The website also does not contain an Accessibility Statement or similar statement providing Defendant's web accessibility policy (if any).

44. In April, 2017, Plaintiff attempted to do business with Defendant on Quiznos.com and Plaintiff encountered barriers to access the website.  Plaintiff visited the website again to try to do business with Defendant and found that the barriers still existed.  Due to the unlabeled buttons, lack of alt text, the structure of the headings, and other barriers, Plaintiff was unable to fully and independently browse or complete a transaction on the website.

45. Despite past and recent attempts to do business with Defendant on its website, the numerous access barriers contained on the website and encountered by Plaintiff, have denied Plaintiff full and equal access to Defendant's Website. Plaintiff, as a result of the barriers on Defendant's website, continues to be deterred on a regular basis from accessing Defendant's Website.  Likewise, based on the numerous access barriers, Plaintiff has been impeded from the full and equal enjoyment of goods and services offered in Defendant's restaurants and from making purchases at such physical locations.

**<u>Defendant Must Remove Access Barriers To Its Website</u>**

46. Due to the inaccessibility of Quiznos.com, blind and visually-impaired consumers, such as Plaintiff and the proposed Class Members, who need screen-readers to access the internet cannot, browse, shop, or otherwise access various information, goods, services and/or privileges offered on Defendant's website and in connection with Defendant's physical locations.  As a result, Plaintiff is deterred from visiting Defendant's restaurants.

47.    If Quiznos.com was fully, equally and independently accessible to all, Plaintiff could independently navigate Defendant's website and complete a desired transaction as sighted individuals do.

48.    Having made many attempts to use Defendant's website, Plaintiff has actual knowledge of the access barriers that make these services inaccessible and independently unusable by blind and visually-impaired people.

49.    There are readily available, well established guidelines, available to Defendant on the Internet, for designing, constructing and maintaining websites to be accessible to blind and visually-impaired persons. Other large business entities have used these guidelines, or have otherwise been able, to make their websites accessible, including but not limited to: adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. In addition, incorporating these basic changes and adding certain elements to Defendant's website accessible would not fundamentally alter the nature of Defendant's business nor would it result in an undue burden to Defendant.

50.    Because maintaining and providing a website where all functions can be performed using a keyboard would provide full, independent and equal accessible to all consumers to Defendant's website, Plaintiff alleges that Defendant has engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

      a.  Construction and maintenance of a website that is inaccessible to blind and visually-impaired individuals, including Plaintiff and the proposed Class Members;

      b.  Failure to construct and maintain a website that is sufficiently intuitive so as to be fully, equally and independently accessible to blind and visually-impaired individuals, including Plaintiff and the proposed Class Members,

and,

    c.  Failure to take actions to correct these access barriers in the face of substantial harm and discrimination to blind and visually-impaired consumers, such as Plaintiff, and the proposed Class Members.

51.    Defendant therefore uses standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others, as alleged herein.

52.    The ADA expressly contemplates the type of injunctive relief that Plaintiff seeks in this action.  In relevant part, the ADA requires:

> "In the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities…. Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy. . ."

(42 U.S.C. § 12188(a)(2).)

53.    Because Defendant's website has never been equally accessible, and because Defendant lacks a corporate policy that is reasonably calculated to cause its website to become and remain accessible, Plaintiff invokes the provisions of 42 U.S.C. § 12188(a)(2), and seeks a permanent injunction requiring Defendant to retain a qualified consultant acceptable to Plaintiff ("Agreed Upon Consultant") to assist Defendant to comply with the ADA to make its website accessible.  Plaintiff seeks that this permanent injunction require Defendant to cooperate with the Agreed Upon Consultant to:

    a.  Train Defendant's employees and agents who develop Quiznos.com on accessibility and compliance with the ADA;

    b.  Regularly check the accessibility of Defendant's website to maintain its accessibility as required by the ADA;

    c.  Regularly test end-user accessibility of the website by screen-reader users to

ensure that Defendant's website is accessible to blind and visually-impaired individuals who would access the website with screen-reading technology; and

d.    Develop an accessibility policy that is clearly disclosed on its website, with contact information for users to report accessibility-related problems and be provided with meaningful resolution after Defendant has investigated and identified the accessibility-related problem.

54.    If Quiznos.com was fully and equally accessible, Plaintiff and similarly situated blind and visually-impaired people could independently find restaurant locations; learn about and take advantage of coupons, offers and promotions; print and redeem coupons; view menus and nutritional information about menu items; order food online; purchase gift cards and check gift card balances; join Defendant's online customer loyalty club and access its membership benefits; as well as access various other goods, services and privileges Defendant offers on its website.

55.    Although Defendant may currently have centralized policies regarding the maintenance and operation of its website, Defendant lacks a plan and policy reasonably calculated to make its website fully and equally accessible to, and independently usable by, blind and other visually-impaired consumers.

56.    Without injunctive relief, Plaintiff and other visually-impaired consumers will continue to be unable to independently use the Defendant's website, in violation of their rights.

# FIRST CAUSE OF ACTION
# VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq.*
## [QUIZNOS.COM]

57.    Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

58.    Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.*, provides:

> "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

> (42 U.S.C. § 12182(a).)

59.    Defendant's restaurants are places of public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).  Defendant's website, Quiznos.com, is a service, privilege, or advantage of Defendant's restaurants.  Quiznos.com is a service that is integrated with these locations.

60.    Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.  (42 U.S.C. § 12182(b)(1)(A)(i).)

61.    Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.  (42 U.S.C. § 12182(b)(1)(A)(ii).)

62.    Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

> "[A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications

would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

(42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).)

63.     According to 28 C.F.R. §36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. §36.303(b)(2) specifically states that screen-readers are an effective method of making visually delivered material available to consumers/individuals who are blind or are visually impaired.

64.     Section 28 C.F.R. §36.303(c) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability," 28 C.F.R. §36.303(c)(1)(ii).

65.     Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of a disability by public accommodations and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

66.     Defendant's Website has not been designed to effectively communication, in that, it has not been designed to usable by people who require screen-readers, the accessible format needed for persons who are blind and/or visually-impaired.

67.     The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder.  Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits the major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A).  Furthermore, Plaintiff has been denied full and equal access to Quiznos.com, has not been provided services which are provided to other patrons who are not disabled, and has been provided services that are inferior to the services provided to non-disabled persons.  Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct.  These violations are ongoing.

68.     Plaintiff intends to return to Defendant's Website provided Defendant modifies the website to provide equal access to Plaintiff and similarly disabled persons.  But Plaintiff is precluded from doing so by Defendant's failure and refusal to provide disabled persons with full and equal access to its website.

69.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff, requests relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests for judgment against Defendants as follows:

A.   A Declaratory Judgment that at the commencement of this action Defendants were in violation of the specific requirements of Title III of the ADA 42 U.S.C. § 12181 *et seq.*, and the relevant implementing regulations of the ADA, for Defendant's failure to take action that was reasonably calculated to ensure that its website is fully accessible to, and independently usable by, blind and visually-impaired individuals;

B.   A preliminary and permanent injunction enjoining Defendant from violating the ADA, 42 U.S.C. § 12181 *et seq*., with respect to its website, Quiznos.com;

C.   A preliminary and permanent injunction requiring Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the website;

D.   An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or 23(b)(3), appointing Plaintiff as Class Representative, and his attorneys as Class Counsel;

E.   For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, pursuant to 42 U.S.C. § 12188(a)(1);

F.   For compensatory damages including, but not limited to, mental anguish, loss of dignity, and any other intangible injuries suffered by the Plaintiff as a result of Defendant's discrimination;

G.   For pre-judgment interest to the extent permitted by law;

H.   For costs of suit; and

I.   For such other and further relief as this Honorable Court deems just and proper.

Dated this 8th day of August, 2017.

Respectfully submitted,

**The Advocacy Group**
*Attorney for Plaintiff*
333 Las Olas Way, CU3, Suite 311

Fort Lauderdale, FL 33301
Telephone: (954) 282-1858
Service Email: service@advocacypa.com

By _/s/ Jessica L. Kerr_
Jessica L. Kerr, Esq.
Fla. Bar No. 92810